Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000007
09-MAY-2019
07:59 AM

NO. CAAP-17-0000007

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARK IAN BOADO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 16-1-1452)

MEMORANDUM OPINION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Mark Ian Boado (**Boado**) appeals from the Sentence; Notice of Entry (**Judgment**) entered by the Family Court of the First Circuit (**Family Court**)[1] on December 7, 2016. Boado contends that the Family Court failed to engage him in the colloquy required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995). The validity of a criminal defendant's waiver of the right to testify is a question of constitutional law reviewed under the right/wrong standard. State v. Celestine, 142 Hawai'i 165, 169, 415 P.3d 907, 911 (2018). For the reasons explained below, we vacate the Judgment and remand to the Family Court for further proceedings.

**I.**

Hawai'i law has historically protected both the right to testify and the right not to testify. The right to testify is guaranteed by the Fifth and Sixth Amendments to the United States Constitution; the Hawai'i Constitution's parallel guarantees under article I, sections 5, 10, and 14;

---

[1] The Honorable Sherri L. Iha presided.

> and HRS § 801-2. The right not to testify is guaranteed by the United States Constitution's Fifth Amendment guarantee against compelled testimony and the Hawai'i Constitution's parallel guarantee under article I, section 10.

Celestine, 142 Hawai'i at 169, 415 P.3d at 911 (citations omitted). In Tachibana, the Hawai'i Supreme Court established requirements that trial courts advise criminal defendants of the right to testify and obtain an on-the-record waiver of that right. 79 Hawai'i at 236, 900 P.2d at 1303.

There are two components of the Tachibana requirement. The first is that the trial court inform the defendant:

> that he or she has a right to testify, that if he or she wants to testify that no one can prevent him or her from doing so, and that if he or she testifies the prosecution will be allowed to cross-examine him or her. In connection with the privilege against self-incrimination, the defendant should also be advised that he or she has a right not to testify and that if he or she does not testify then the jury can be instructed about that right.

Celestine, 142 Hawai'i at 170, 415 P.3d at 912 (citing Tachibana, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7) (brackets omitted). In this case the Family Court engaged in the following exchange with Boado before jury selection:

> THE COURT: Okay. So let me just read you the Tachibana instruction. Okay.
>
> So you have a -- you have a constitutional right to testify in your own defense. Although you should consult with your attorney regarding the decision to testify, it is your decision, and no one can prevent you from testifying should you choose to do so. If you decide to testify, the State will be allowed to cross-examine you.
>
> You also have a constitutional right not to testify and to remain silent. If you choose not to testify, the Court cannot hold your silence against you in deciding your case.
>
> If you have not testified at the end of the trial, I will briefly question you to make sure that it was your decision not to testify.
>
> Understand?
>
> [BOADO]: Yes, (indiscernible).

(emphasis added). The Family Court did not inform Boado that if he did not testify, the jury would be advised that he has that constitutional right.

The second component of the Tachibana requirement involves the court engaging in a "colloquy" with the defendant "in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights." Celestine, 142 Hawai'i at 170, 415 P.3d at 912 (citation and emphasis omitted). The trial court must "elicit[ ] responses as to whether the defendant intends to not testify, whether anyone is forcing the defendant not to testify, and whether the decision to not testify is the defendant's." Id. at 170-171, 415 P.3d at 912-13 (citation omitted). In this case the Family Court engaged in the following exchange with Boado after the defense rested:

> THE COURT: Okay. So as we discussed before the start of the trial, you have a constitutional right to testify in your own defense. Although you should consult with your attorney regarding the decision to testify, it was your -- it is your decision and no one can prevent you from testifying should you choose to do so. If you decide to testify, the prosecutor will be allowed to cross-examine you.
>
> In this case, you've decided not to testify; correct?
>
> (Indiscernible voices.)
>
> [BOADO]: Yes.
>
> THE COURT: Okay. Just to be clear, it is your decision not to testify; right?
>
> [BOADO]: Yes.

In this case, this exchange should have taken place before the defense rested. See Celestine, 142 Hawai'i at 170 & n.12, 415 P.3d at 912 & n.12 (citations omitted). The Family Court did not ask Boado whether anyone was forcing him not to testify. The Family Court elicited Boado's responses to leading questions, rather than allowing Boado to articulate that he understood his rights and what he had decided to do.

"In determining whether a waiver of the right to testify was voluntarily and intelligently made, this court looks

to the totality of the facts and circumstances of each particular case." Id. at 171, 415 P.3d at 913 (citation omitted). Under the facts and circumstances described above, we hold that the Family Court did not engage Boado in a colloquy sufficient to inform Boado about his constitutional rights to testify or to not testify, and to elicit Boado's understanding of the proceedings and of his rights. Compare State v. Borge, No. CAAP-18-0000012, 2019 WL 762419 (Haw. Ct. App. Feb. 21, 2019) (SDO) (holding that Tachibana colloquy was deficient), and State v. Goebel, No. CAAP-15-0000701, 2018 WL 3135415 (Haw. Ct. App. June 27, 2018) (same), with State v. Martin, No. CAAP-14-0001090, 2019 WL 1435123 (Haw. Ct. App. Mar. 29, 2019) (SDO) (sufficient Tachibana colloquy), and State v. Horvath, No. CAAP-17-0000349, 2018 WL 3154778 (Haw. Ct. App. June 28, 2018), cert. rejected, No. SCWC-17-0000349, 2018 WL 4659785 (Haw. Sept. 28, 2018) (same).

For the foregoing reasons, the Sentence; Notice of Entry entered by the Family Court of the First Circuit on December 7, 2016, is vacated and this case is remanded to the Family Court for further proceedings.

DATED: Honolulu, Hawai'i, May 9, 2019.

On the briefs:

Allison M. Carkin,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4